324 So.2d 395 (1975)
STATE of Louisiana
v.
Isaac CAMPBELL, Sr.
STATE of Louisiana
v.
Joseph P. PHILLIPS, Jr.
STATE of Louisiana
v.
Isaac CAMPBELL, Sr. and Joseph P. Phillips, Jr.
Nos. 56763, 56765, 56766.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*396 Edward F. Glusman, Baton Rouge, for Isaac Campbell, Sr.
Wray & Robinson, Bert K. Robinson, Baton Rouge, for Joseph P. Phillips, Jr.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., for the State.
Joseph F. Keogh, Parish Atty., Samuel R. Cicero, Asst. Parish Atty., for City of Baton Rouge.
DIXON, Justice.
These applications are among several granted to consider rulings made concerning payment of counsel appointed to defend indigents.
In No. 56763, Isaac Campbell, Sr. was charged with murder and the Office of Public Defender was appointed to represent him. After some proceedings in the case, the Public Defender was relieved, and Edward Glusman and MacAllynn J. Achee were appointed to represent Campbell.
In No. 56765, Joseph P. Phillips, Jr. was charged with simple robbery. The Office of Public Defender was appointed to represent him, but was later permitted to withdraw; Bert K. Robinson was appointed to represent him.
Identical motions were filed in each case by appointed counsel, and heard and decided *397 together by the trial court. The motions prayed that counsel be allowed to withdraw as "uncompensated counsel;" that counsel be paid reasonable compensation at the conclusion of the appointment, and be compensated for expenses paid; and that an investigator and doctor be provided defendants.
In its judgment on the motions the trial court denied the motion to withdraw and denied the prayer for payment by attorneys Robinson and Glusman. Achee was granted a "declaratory judgment" against the City and Parish of East Baton Rouge for attorney's fees to be fixed by the Indigent Defender Board. (The city and parish were to pay if the board determined that it could not). The defendants were denied that appointment of an investigator and doctor, provided that the court would appoint a doctor on a proper, subsequent showing, to be paid by the city and parish.
In No. 56763 (State v. Campbell), Glusman applies for writs.
In No. 56765 (State v. Phillips), Robinson applies for writs.
In No. 56766, the City of Baton Rouge and Parish of East Baton Rouge apply for writs in both State v. Campbell and State v. Phillips. The trial judge was correct in denying the motions of counsel to withdraw. The court has the inherent power to appoint lawyers to represent indigents, and the duty of the lawyer to serve is both traditional and specific. The Code of Professional Responsibility provides, in Canon 2, Ethical Consideration, 2-25:
"Historically, the need for legal services of those unable to pay reasonable fees has been met in part by lawyers who donated their services or accepted court appointments on behalf of such individuals. The basic responsibility for providing legal services for those unable to pay ultimately rests upon the individual lawyer, and personal involvement in the problems of the disadvantaged can be one of the most rewarding experiences in the life of a lawyer. Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged. The rendition of free legal services to those unable to pay reasonable fees continues to be an obligation of each lawyer, but the efforts of individual lawyers are often not enough to meet the need. Thus it has been necessary for the profession to institute additional programs to provide legal services. Accordingly, legal aid offices, lawyer referral services, and other related programs have been developed, and others will be developed, by the profession. Every lawyer should support all proper efforts to meet this need for legal services."
Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), if nothing else, make the appointment of counsel for indigent defendants essential.
Robinson and Glusman are not on the panel of volunteers maintained by the Indigent Defender Board. For that reason alone we gather the trial judge ruled against them on their prayer for payment under the erroneous belief that R.S. 15:141 prohibited payment from the indigent defender fund except to volunteer members of the panel.
With this interpretation of R.S. 15:141 we cannot agree. Subsections G and I of 15:141 recognize the power of the court to appoint lawyers not on the panel. Subsection H (and I when applicable) provides for payment to appointed lawyers from the fund, as well as other necessary expenses. The statute does not limit payment to lawyers who are on the panel of volunteers. See State v. Bryant et al., La., 324 So.2d 389, this date decided.
Nor do we agree with the decision of the trial court to cast the City of Baton *398 Rouge and the Parish of East Baton Rouge for payment of that part of the fee of Achee which is not paid from the indigent defender fund.
The ruling anticipates that the indigent defender fund will be insufficient to meet the fees to be fixed. The city-parish resists because of budgetary and fiscal reasons: it is required to budget and appropriate any funds to be expended.
It is true that R.S. 15:141 does not by its specific terms require, but only permits the parish to "meet any deficit in the indigent defender fund" R.S. 15:141 H. This is the source of the strong contention that the legislature has not met its constitutionally required task of providing a "uniform system for securing and compensating qualified counsel for indigents."
We do not conclude that funding for indigent defenders is solely a State obligation. The State has full power, and more than one option, to provide for funding. Until this point, however, the statutes have placed the burden on the parish, but have refrained from making it mandatory, in order to give the parish governing authority as much latitude as possible in administering public funds in unforeseeable circumstances.
The city-parish does not plead poverty, but only that fiscal legislation prohibits payment from current funds. Without deciding that proposition, we merely note that only time is involved, and a future budget and a future appropriation can adequately provide for claims against the indigent defender fund which mature during the current fiscal year.
Nor do we decide that in an appropriate proceeding, under appropriate circumstances, the district court would lack the power to require a particular subdivision, or the State itself, to provide for payment of necessary expenses, including counsel fees, for the trial of indigent defendants. This case can be decided before that point is reached.
For these reasons we decide:
In State v. Campbell, No. 56763, and State v. Phillips, No. 56765, the judgment of the trial court is affirmed in its refusal to permit the withdrawal of counsel, and refusal to appoint an investigator and doctor, but amended to permit the compensation of counsel for fees and necessary expenses under R.S. 15:141, as fully as if counsel were listed on the panel of volunteers.
In State v. Campbell and State v. Phillips, No. 56766, that part of the judgment of the district court which orders the City of Baton Rouge and the Parish of East Baton Rouge to pay that portion of the attorneys' fee not paid from the indigent defender fund is reversed and set aside, reserving to the attorneys involved the right to take further appropriate action in the event the fee is not paid from the indigent defender fund and in the event any deficit in the fund is not met by the "parish governing authority," per R.S. 15:141 H.