324 So.2d 401 (1975)
STATE of Louisiana
v.
George CUMMINGS, Sr.
Nos. 56780, 56815.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*402 Mac Allynn J. Achee, Bert K. Robinson, Wray & Robinson, Baton Rouge, for defendant-relator in No. 56780 and for defendant-respondent in 56815.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., for plaintiff-respondent in 56780; and for plaintiff-relator in 56815, in addition to L. J. Hymel, Jr., Asst. Atty. Gen., for plaintiff-relator in 56815.
DIXON, Justice.
Bert K. Robinson, appointed to represent the indigent defendant, filed a motion to withdraw as counsel and for a judgment against the State of Louisiana declaring that counsel should be paid a fee and expenses, and that defendant be provided an investigator and a medical doctor at no expense. The motion assumes that counsel will not be paid because he was not on the volunteer panel provided for in R.S. 15:141.
In an "order and judgment" the trial judge ordered the petition for declaratory judgment dismissed without prejudice, and then proceeded to "rule" that R.S. 15:141 did not meet the constitutional mandate (Art. I, § 13, La.Const.1974) that the legislature provide for "a uniform system for securing and compensating qualified counever, State v. Bryant et al., La., 324 So.2d 389, decided this date.
The trial judge also ruled that the duty to compensate appointed counsel was a State, not a local, government obligation, and that the court would, on a "case-by-case basis" fix attorneys' fees and expenses incurred representing indigent defendants and order the State Treasurer to pay.
On the application of the State in No. 56815, and on the application of the attorney Bert K. Robinson in No. 56780, we granted writs.
Robinson complained of the denial of his motion to withdraw, the declaratory judgment and the motion for appointment of an investigator.
The trial judge was correct when he refused to issue a declaratory judgment in a summary proceeding in a criminal case. See State v. Carruth, La., 324 So.2d 400, decided this date. Nor has any showing been made to warrant either the motion to withdraw or the motion to appoint an investigator.
Nor is there anything in the record, except the opinion of the trial judge that the obligation to pay counsel for indigents is a State, not local obligation, to support his intention expressed in the "order" to cast the State and order the Treasurer to pay attorneys' fees and expenses.
The "order", therefore, insofar as it may be more than an expression of the trial judge's opinion, cannot stand.
The "order and judgment on rule" dated July 30, 1975 is therefore vacated and annulled, insofar as it purported to cast the State of Louisiana and the Treasurer of the State of Louisiana.