DIXON, Justice.
The defendant, through his court appointed counsel Ralph Brewer, filed a motion to quash and/or petition for a writ of habeas corpus, alleging that the appointment of counsel without compensation deprives an indigent of his right to effective assistance of counsel and the attorney of his property without due process of law, in violation of the federal and state constitutions.
The trial judge denied the motion to quash and/or petition for a writ of habeas corpus, and we granted writs.
There is nothing in the record before us to show that defendant’s lawyer will not or cannot be paid. There is no order prohibiting payment. The rules of court in the record do not prohibit payment. R.S. 15:141 does not prohibit payment. See State v. Bryant et al., La., 324 So.2d 389, decided this date.
In brief, the argument is made that the system for providing counsel for indigents is “inadequate.” That may be true, or it may be that the “system” complained of is not properly and efficiently managed and supervised. Nevertheless, there is no showing of any possibility that defendant will not be represented by skilled and diligent counsel. The trial court was correct in recalling the writ of habeas corpus and denying the motion to quash.
Therefore, the judgment of the trial court is affirmed.