TATE, Justice.
The defendant was convicted of negligent homicide, La.R.S. 14:32, and sentenced to three years imprisonment in the parish jail. Upon his appeal, he raises two principal contentions. They relate to (1) the denial of a directed verdict of acquittal and (2) his representation by appointed counsel.
(1)
With regard to the first contention (Assignment of Error No. 1):
“Negligent homicide is the killing of a human being by criminal negligence” La. R.S. 14:32. “Criminal negligence exists when, although neither specific nor general intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard care expected to be maintained by a reasonably careful man under like circumstances.”
The defendant contends that the record demonstrates no evidence proving “criminal negligence”, an essential element of the crime.
The motion for directed verdict of acquittal, La.C.Cr.P. art. 778, should be sustained only if there is a total lack of evidence to prove the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973). Thus, in the present case, the motion was properly overruled if there was some evidence from which the trier of fact could reasonably conclude that the defendant’s conduct under the circumstances constituted criminal negligence. State v. Williams, 310 So.2d 513 (La.1975); State v. Pryor, 306 So.2d 675 (La.1975).
From the state’s evidence to such effect, the trial jury could reasonably conclude that the defendant was driving at excessive speed around a curve in a small town, that he was intoxicated, that he lost control of his automobile, that it struck a small child three or four feet off of the road (the child subsequently died), that the driver may have momentarily slowed or stopped, and that the driver then drove away at an accelerating speed.
We cannot say there was a total lack of evidence from which the jury could conclude that the defendant, driver of the vehicle, was guilty of criminal negligence. The motion for acquittal was properly overruled.
(2)
With regard to the defendant’s second contention (Assignments 2, 3, and 4):
The defendant principally contends that the defendant was deprived of a fair trial because his single appointed counsel was opposed by two state attorneys much more experienced in the criminal field. Aside from the lack of factual merit to the contention (the record indicates an extremely able defense by the appointed counsel), and the lack of legal authority cited in support of it, no objection was made before or during the trial to the aspects of the legal representation now complained of. The contention therefore does not present an issue reviewable on the appeal. La.C.Cr.P. art. 841. See also State v. Wells, 324 So.2d 399 (La.1975).

Decree

Accordingly, we find no merit to the defendant’s assignments of error, and we affirm the conviction and sentence.
AFFIRMED.