352 So.2d 222 (1977)
STATE of Louisiana
v.
Roger Dale DOUCET.
No. 60287.
Supreme Court of Louisiana.
November 14, 1977.
Dennis R. Sumpter, Sumpter & Schrumpf, Sulphur, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
On June 30, 1976 Dennis R. Sumpter was appointed by Judge L. E. Hawsey, Jr. of the Fourteenth Judicial District Court to represent Roger Doucet in the prosecution titled "State of Louisiana v. Roger D. Doucet, No. 10083-76." After his appointment Act 653 of 1976 was enacted, amending and re-enacting the statutes providing for the appointment and compensation of attorneys for indigent defendants. (R.S. 15:141 et seq.). In March, 1977 Sumpter applied to the Indigent Defender Board for compensation for services rendered in the appointment. The Indigent Defender Board refused Sumpter compensation, stating that it was without authority to pay attorneys appointed prior to the effective *223 date of Act 653.[1] Sumpter then filed a motion to traverse the indigency of the defendant and to traverse his court appointment. After a hearing, the trial court denied the motion. We granted Sumpter's application for supervisory writs (at the same time maintaining his appointment and denying a stay order) in order to review the trial court's ruling.
Counsel contends that his appointment is no longer effective because it was made under the authority of R.S. 15:141 et seq. prior to its amendment by Act 653. The argument is without merit. The record reflects that Sumpter was appointed by the court to represent the defendant. As stated in State v. Campbell, 324 So.2d 395 (La. 1975), "the court has the inherent power to appoint lawyers to represent indigents, and the duty of the lawyer to serve is both traditional and specific." 324 So.2d at 397. See also Code of Professional Responsibility, Ethical Consideration 2-25; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Sumpter's appointment was made under the inherent powers of the court and the subsequent amendment of R.S. 15:141 et seq. did not affect its validity.
Defense counsel's argument that an appointment without compensation violates the lawyer's rights under the Fifth and Fourteenth Amendments has consistently been rejected in other cases on grounds that there is no "taking" where the lawyer performs a duty required of him in his exercise of the privilege of membership in the bar. See Tyler v. Lark, 472 F.2d at 1077 (8th Cir. 1973) cert. denied sub nom. Beilenson v. Treasurer of United States, 414 U.S. 864, 94 S.Ct. 114, 38 L.Ed.2d 84 (1973); Wright v. Louisiana, 362 F.2d 95 (5th Cir. 1965); U. S. v. Dillon, 346 F.2d 633 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966); see State v. Bryant, 324 So.2d 389 (La.1975).
The question of counsel's right to compensation by the Indigent Defender Board, pursuant to R.S. 15:141 et seq. as amended, is not properly before the court. No statutory provision permitting such action is cited. The trial court has no authority to render a money judgment for compensation against the state in a summary proceeding in a criminal case. State v. Carruth, 324 So.2d 400 (La.1975); State v. Cummings, 324 So.2d 401 (La.1975). It is not clear that Sumpter sought such a judgment in the case before us. He did, however, complain in his motion that he would not be paid, and obtained a rule to show cause (why he should not be relieved of his appointment) against the Indigent Defender Board of Calcasieu Parish. The trial court correctly denied the motion.
For these reasons, the ruling of the trial court denying the motions filed by Dennis R. Sumpter and maintaining his appointment as counsel for defendant is affirmed.
NOTES
[1] In his opinion No. 77-58, the attorney general ruled that funds "appropriated or generated under Act 653 of 1976" could not be used to pay attorneys appointed under the old act for services rendered after the effective date of the new act.