FORET, Judge.
This is a suit by Cecil G. Knickerbocker, Official Court Reporter for the Fifteenth Judicial District Court[1] against the Vermilion Parish Police Jury for payment for work done in the course of his employment.
Mr. Knickerbocker alleges that he reported and transcribed various criminal indigent cases in the Fifteenth Judicial District Court and was not paid by the Vermilion Parish Indigent Defender Board for these services. As that Board is without funds, he brought this suit against the Vermilion Parish Police Jury on the grounds that it is liable for the debt. The trial court denied his claim and from such adverse judgment he brings this appeal. We affirm.
The fees due a court reporter are set out by LSA R.S. 13:968:
“. . .In all criminal cases, a fee of one dollar and fifty cents per page, thirty-five cents for the first copy and twenty-five cents for each copy thereafter reported and transcribed shall be paid to the court reporter who reports and transcribes the testimony and shall be retained by him as compensation in addition to the salary as provided herein. In all criminal and civil cases which are reported but not transcribed, one-half of the fees provided in this subsection for such cases respectively shall be charged by and paid to the reporter. Such fees shall be retained by the reporter as compensation in .
******
K. The court reporter shall make out an itemized statement of the fees charged for reporting and transcribing the notes of evidence. He shall deliver the original of the statement to the clerk of court of the parish where the suit is pending and retain a copy in his files. The party litigant, except one entitled to the benefits of Articles 5181 through 5188 of the Code of Civil Procedure or of R.S. 13:4529, shall pay to the court reporter immediately the fee charged. The fee shall be paid by a litigant entitled to the benefits of Articles 5181 through 5188 of the Code of Civil Procedure or R.S. 13:4529 when the litigant recovers judgment for costs and realizes a sufficient amount therefrom to pay his fee. No compromise shall be valid which does not provide for the payment of all reporting fees due and owing as provided herein for regular litigation.”
As the Police Jury notes in brief to this Court, the fees due under LSA R.S. 13:968 are owed by the “party litigant”. The criminal defendant who would ordinarily be liable for such costs is relieved of this burden when indigent, and same are borne by the parish indigent defender fund under LSA'R.S. 15:141(H) which, prior to amendment, in pertinent part, stated:
“. . Payment shall be made from the fund by the parish treasurer, upon order of the court, for necessary operating expenses of the board, for necessary expenses incurred in preparation and trial *1300 of cases, including cost of transcription, and for reasonable compensation to counsel for indigent defendants. The parish governing authority may, at the end of the fiscal year, transfer any surplus in the indigent defender fund unto the parish general fund, and may meet any deficit in the indigent defender fund by payment from the parish general fund.” [Emphasis added.]
By this statute the indigent defender board of Vermilion Parish became liable to Mr. Knickerbocker for such costs as he may have sustained in preparing indigent defendant criminal transcripts. However, in this case, plaintiff avers that the fund is without monies to pay him; he then argues that the wording of LSA R.S. 15:141 would require the Vermilion Parish Police Jury to make the payment.
In the case of State v. Campbell, 324 So.2d 395 (La.1975), the trial court granted judgment against the City of Baton Rouge and the Parish of East Baton Rouge for payment due an attorney for representing an indigent criminal defendant when it was anticipated that full payment would not be made by the indigent defender fund. The Louisiana Supreme Court reversed the trial court stating, at page 398:
“The ruling anticipates that the indigent defender fund will be insufficient to meet the fees to be fixed. The city-parish resists because of budgetary and fiscal reasons: it is required to budget and appropriate any funds to be expended.
“It is true that R.S. 15:141 does not by its specific terms require, but only permits the parish to “meet any deficit in the indigent defender fund” R.S. 15:141 H. This is the source of the strong contention that the legislature has not met its constitutionally required task of providing a ‘uniform system for securing and compensating qualified counsel for indigents.’
“[4, 5] We do not conclude that funding for indigent defenders is solely a State obligation. The State has full power, and more than one option, to provide for funding. Until this point, however, the statutes have placed the burden on the parish, but have refrained from making it mandatory, in order to give the parish governing authority as much latitude as possible in administering public funds in unforeseeable circumstances.
“The city-parish does not plead poverty, but only that fiscal legislation prohibits payment from current funds. Without deciding that proposition, we merely note that only time is involved, and a future budget and a future appropriation can adequately provide for claims against the indigent defender fund which mature during the current fiscal year.
“Nor do we decide that in an appropriate proceeding, under appropriate circumstances, the district court would lack the power to require a particular subdivision, or the State itself, to provide for payment of necessary expenses, including counsel fees, for the trial of indigent defendants. This case can be decided before that point is reached.” '
In the present case, plaintiff alleges that “that point” has been reached.
We note however, as does the Supreme Court in Campbell, that the language of the legislature in the statute in question is not mandatory (“shall”) but permissive (“may”) as to the duty of a parish to make good the debts of its indigent defender program.
As it is not in the record before us, it is impossible for this Court to determine whether the impecunious status of the Vermilion Parish Indigent Defender Fund is merely transitory or is a permanent condition. This Court follows the interpretation by the Supreme Court in Campbell and declines to give the plaintiff recovery from the parish police jury.
We note that the indigent defender statutes in question (R.S. 15:141, et seq.) have been revised since Campbell and that the new statutes do not obligate the parish police jury to make good the debts of a parish indigent defender board. On the *1301 contrary, the new statute sets out a method of funding for each indigent defender board [2]. Therefore, this fund should be continuously infused with fresh monies and the plaintiff should refer his claim for compensation to the local Indigent Defender Board, which administers such fund.
In this appeal, for the first time, plaintiff seeks to raise a constitutional question in that he alleges that if we do not grant the relief prayed for against the Police Jury, he will be deprived of his property without adequate compensation. It is axiomatic that constitutional questions must be raised in the trial court by the party relying upon protection of rights guaranteed by the United States or Louisiana Constitution. Thus, we cannot consider whether the action of the Vermilion Parish Police Jury in refusing to pay plaintiff is a deprivation of his constitutional rights. Further, as we note in our opinion, we do not dispute the fact that while Mr. Knickerbocker may be owed the fees he has sued for, the Vermilion Parish Police Jury is not the proper party from which to seek such redress.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant’s costs.

AFFIRMED.

. The Fifteenth Judicial District is composed of the parishes of Acadia, Lafayette & Vermilion.

. By R.S. 15:146:
§ 146. Judicial district indigent defender fund
A. There is hereby created within each judicial district an indigent defender fund which shall be administered by the district board and composed of funds provided for by this Section and such funds as may be appropriated or otherwise made available to it.
B. There shall be remitted to the district indigent defender fund the following sums, which shall be taxed as special costs by every court of original jurisdiction in this state, in addition to all other fines, costs or forfeitures lawfully imposed:
(1) The sum of four and one-half dollars for each misdemeanor violation of state law or parish or municipal ordinance, other than parking violations, in every court of original jurisdiction located within the judicial district where a defendant is convicted after a plea of guilty or a trial or forfeits bond. Upon the recommendation of the district board this sum may be increased to not more than sev-
en and one-half dollars by a majority vote of the judges of courts of original criminal jurisdiction within the district.
(2) The sum of ten dollars for each felony offense in every court of original jurisdiction in this state where the defendant is convicted after trial or after a plea of guilty or forfeits bond.
Such amounts shall be remitted by the respective recipients thereof to the judicial district indigent defender fund monthly by the tenth day of the succeeding month.
C. In addition to the funds provided for in Subsection B hereof the state shall pay to each district indigent defender board, on the warrant of its chairman, the sum of ten thousand dollars per annum.
D. The funds provided for in this Section and all interest or other income earned from the investment of such funds shall be used and administered by the district board.
Added by Acts 1976, No. 653, § 1. Amended by Acts 1977, No. 362, § 1.