REDMANN, Chief Judge.
This appeal argues only excessiveness of a sentence of five years at hard labor for negligent homicide. The killing, of a two-year-old child, occurred when defendant was driving a dump truck at about 46 mph in a 20 mph limit school zone after drinking (according to a fellow worker who helped do the drinking) two or three bottles of vodka (of undisclosed size).
• Defendant had been convicted in traffic court of driving intoxicated on two earlier occasions, and had once been made to participate in an alcohol abuse program. At the sentencing hearing defendant’s testimony showed that he, after two DWI convictions (he admitted only one) and one negligent homicide conviction, still has not recognized the threat his drinking poses: “Q. On that date when this accident happened, when you killed this child, were you drinking that day? A. A little, yes. Q. A little did you say? Did you have a drinking problem? A. I would not call it a problem, but I drink. Q. You drank too much too often? A. No sir, I don’t think so_ Q. How much had you had to drink that day? A. Two beers and a shot of vodka. Q. A drink of one ounce? A. I don’t have no measuring cup with-me. Q. Two beers and a vodka, that is all you had all day? A. Yes.” The trial judge noted that defendant’s blood alcohol level was .15 when taken at a hospital about two hours after the accident.
On the other hand, it may be said that defendant has had no other convictions (see La.C.Cr.P. 894.1(7)) and was 59 or 63 years old as of trial in November 1982 (he said 59, but also said he was born December 29, 1918, as do the various documents in the record, which would make him 63, almost 64, at trial time). It may be conceded that imprisonment entails greater hardship for one his age than for a younger person (see art. 894.1(11)).
Defendant argues that five years is too much, citing many cases of negligent homicide with lesser sentences (even probation, State v. Parker, 436 So.2d 495 (La.1983)), even though some of the crimes seem more aggravated (e.g., State v. Andrews, 337 So.2d 1175 (La.1976)). We respond, noting art. 894.1(8), (9) and (10), that the five-year sentence is not excessive considering de *751 fendant’s attitude that makes it very likely that defendant will drive drunk again and thus threatens other negligent injury or homicide unless restrained.
We cannot fault the trial judge for seeing his duty as to protect society as long as possible from defendant, who apparently cannot learn that his drinking and driving is a menace.
We might therefore affirm the sentence of five years, but we find no necessity for the imposition of hard labor (and R.S. 14:32 does not require it). The crime was not intentional and was not the worst of its category, and therefore does not deserve the worst punishment, State v. Telsee, 425 So. 2d 1251 (La.1983).
Sentence set aside; remanded for re-sentencing without hard labor.