J. BRUCE NACCARI, Judge Pro Tem.
This is an appeal by the Indigent Defender Board from a judgment of the district court awarding Mr. Robert Garrity attorney’s fees of three hundred ($300.00) dollars as payment for his representation of three defendants at their probation revocation hearings. For the reasons which follow, the judgment of the district court is reversed.
*1122 The criminal convictions of the defendants [1] are not at issue in this appeal, however it is important to note that all three pled guilty to a criminal charge, were placed on probation with special conditions of probation, and later violated the conditions of their probation. On March 22, 1983, in open court, the trial court judge appointed Robert Garrity to represent each defendant on the Rule to Revoke Probation. Mr. Garrity agreed to represent the three on the condition that the court order the Indigent Defender Board (IDB) to pay him for his services. The court acquiesced. On that same date, following the hearings, Mr. Garrity went to the office of the IDB, picked up vouchers, completed one for each defendant at the rate of one hundred ($100.00) dollars, presented each one to the trial judge for approval, and returned the completed forms to the IDB office.
At the regular monthly meeting held on April 11, 1983, the Board of Directors of the IDB determined that Mr. Garrity’s vouchers should be sent back to him with the notation to itemize the vouchers and resubmit them to the Board for further consideration. Rather than resubmit the vouchers as requested, Mr. Garrity filed a rule to Show Cause directed to the IDB, requesting a hearing on the issue. The hearing was held July 13, 1983, at which time the trial court judge ordered the IDB to pay the fee of one hundred ($100.00) dollars per defendant to Mr. Garrity but signed no judgment. On July 29, 1983, an application for supervisory relief from the court order was filed by the IDB. Writs were denied.
No other action was taken on this claim until Mr. Garrity on October 1, 1984, again filed a Rule to Show Cause why the vouchers should not be paid. The attorney representing IDB responded to the rule with Exceptions of Unauthorized Use of Summary Proceeding and No Right or Cause of Action. Hearing was held on November 6, 1985, and although the court did not clearly rule on the exception, a final judgment in favor of Mr. Garrity was rendered without mention of the exceptions.[2]
The judgment signed on November 6, 1985 ordered IDB to pay Robert Garrity three hundred ($300.00) dollars for the work performed in the three cases. This judgment is now on appeal before this court.
Counsel for IDB presents two Assignments of Error.
(1) The court erred in ordering the Indigent Defender Board to pay an attorney appointed by the court not in conformity with law.
(2) The court erred in rendering a money judgment in a summary proceeding in a criminal case.
The procedure for securing and compensating qualified counsel for indigents is provided for in La.Const.Art. I, Section 13 (1974) which states in pertinent part: “[t]he legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.” The Legislature met this requirement with the creation of Judicial District Indigent Defender Boards pursuant to LSA R.S. 15:144 et seq. The following portion of the revised statutes is applicable:

Section 145. Powers and duties of the judicial district indigent defender boards.

*1123 A. Each district board shall maintain a current panel of volunteer attorneys licensed to practice law in this state and shall additionally maintain a current panel of nonvolunteer attorneys under the age of fifty-five licensed to practice law in this state and residing in the judicial district. The panel of nonvolunteer attorneys shall not include any attorney who has been licensed to practice in this state for thirty or more years.
B. Each district board shall select one of the following procedures or any combination thereof for providing counsel for indigent defendants:
(l)(a) Appointment by the court from a list provided by the district board of volunteer attorneys licensed to practice law in this state. In the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys as provided in Subsection A of this Section. The court may delegate appointing power to the district board.
(b) All appointments shall be on a successive basis. Deviations from the panel list shall be permitted only to comply with Article 512 of the Code of Criminal Procedure and in exceptional circumstances upon approval of the district board, [footnote [3]]
In the instant case, the trial court judge had three defendants before him without counsel, each postured for probation revocation. Even had the trial judge determined that an exceptional circumstance existed, the law states that a deviation from the panel list shall be permitted only upon approval of the district board.
The court has the inherent power to require an attorney to represent an indigent, with or without compensation, as an obligation burdening his privileges to practice and to serve as an officer of the court. State In Interest of Johnson, 475 So.2d 340 (La.1985); State v. Doucet, 352 So.2d 222 (La.1977); State v. Campbell, 324 So.2d 395 (La.1975). The Code of Professional Responsibility, Canon 2, E.C. 2-25. (following, LSA-R.S. 37:218) Older cases have held that the court’s inherent power included the right to make appointments and approve payments to lawyers not on the volunteer panels as established in LSA-R.S. 15:141 et seq. State v. Bryant, 324 So.2d 389 (La.1975); State v. Campbell, supra. Both of these cases were decided prior to the repeal of LSA-R.S. 15:141-143, when LSA-R.S. 15:141(G) and (I) specifically recognized the court’s authority to appoint and authorize payment to lawyers not on the volunteer panels. After the statutes were repealed, the only statutes which remain pertaining to indigent defender boards are LSA-R.S. 15:144 et seq. As stated previously, LSA-R.S. 15:145 (A)(B)(1)(a)(b) establish specific regulations regarding the selection of and compensation to attorneys not on the volunteer panels.
In a recent case, State In Interest of Johnson, supra at 342, the Supreme Court held:
... The court’s power to furnish counsel for indigents necessarily includes the power, when reasonably necessary for effective representation, to issue an order requiring the state, its appropriate subdivision, department, or agency, to provide for the payment of counsel fees and necessary expenses, [cites omitted]
The inherent judicial power may be aided by the legislative and executive branches, but their acts or failure to act cannot destroy, frustrate, or impede the court’s inherent constitutional authority, [cites omitted] Consequently, even in the absence of legislative or executive authorization, a court may, when reasonably necessary, appoint counsel for an *1124 indigent and award the attorney a reasonable fee to be paid from a source which the court deems appropriate. In deciding whether the state or one of its subdivisions, departments, or agencies should pay the fee, a court must act with comity toward the other branches of government and with sensitive regard for the concepts of functional differentiation and the checks and balances implied by the separation of powers doctrine. Important considerations for a court taking such action include the following: the structure and scheme of existing legislation which may be applied by analogy, the ability of an entity to budget and finance such expenditures, the entity's responsibility for incurring the need for legal services or for administering the program out of which the need arises, and the existence of any custom or informal practice regarding the payment of such fees.
Although in that case the Court held that the trial court judge could assess the cost of the indigent parents’ court appointed attorney to the Department of Health and Human Resources, it can be distinguished from the instant case. In State In Interest of Johnson, supra, there was no statutory authorization for the compensation of an attorney; thus the trial court was required to make a determination as to whether failure to furnish counsel to the indigent parents would violate due process. The trial court determined that an attorney was necessary and that it was reasonably necessary to pay the court appointed attorney a fee. “Were there no statutory device for compensating appointed lawyers, extraordinary judicial measures in aid of the jurisdiction of the court might be required.” State v. Carruth, 324 So.2d 400, 401 (La.1975). In the instant case, the procedures for appointing and compensating attorneys who represent indigent defendants are statutorily established so that a trial judge need not make a case-by-case determination.
We acknowledge the trial court’s inherent power to appoint counsel without providing for compensation. Nevertheless, if compensation is to be provided for the representation of indigents and if such compensation is to be provided by the IDB, the trial judge must act within the purview of the statutes by which IDB was organized and by which compensation was provided. Since the trial court did not proceed as statutorily mandated in the instant case, the award of compensation is hereby set aside.
Assignment of error number two need not be discussed by this court as assignment of error number one constitutes reversible error.
Accordingly, the judgment appealed from is reversed.

. Earl Thomassie pled guilty to a violation of a felony LSA-R.S. 14:69 — receiving stolen things, property valued at $270.00. A Rule to Revoke Probation was issued because he did not refrain from criminal conduct.
James Weary pled guilty to a violation of a felony LSA-R.S. 14:25 — accessory after the fact to armed robbery. A Rule to Revoke Probation was issued because he did not refrain from criminal conduct.
Kirk Fleming pled guilty to a violation of a felony LSA-R.S. 14:69 — receiving stolen things valued at $499.00. A Rule to Revoke Probation was issued because he failed to contribute 750 hours of charitable work.

. We note the silence of the trial court on an issue raised by the pleadings is to be taken as a rejection of that demand in the absence of an express reservation. Serrate v. Serrate, 472 So.2d 137 (La.App. 5th Cir.1985) and cases therein cited. Accordingly, the exceptions are deemed to have been denied.

. Article 512 states:
When a defendant charged with a capital offense appears for arraignment without counsel, the court shall provide counsel for his defense in accordance with the provisions of R.S. 15:145. Such counsel must be assigned before the defendant pleads to the indictment, but may be assigned earlier. Counsel assigned in a capital case must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel.