387 So.2d 1366 (1980)
STATE of Louisiana In the Interest of Kendra BROWN.
No. 11509.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1980.
Rehearing Denied September 22, 1980.
Mary L. Beck, Asst. Dist. Atty., New Orleans, for State of Louisiana, appellee.
Mark McTernan and Steven Scheckman, New Orleans, for appellant.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
On February 10, 1979, three-month-old Kendra Brown was brought to the accident room of Charity Hospital by her parents. *1367 Examination and X-rays of the child revealed a subgalean hematoma and skull fracture, and a fractured right distal femur manifested by swelling in the baby's right thigh. The parents explained that Kendra, while being fed by her father in the parents' bedroom, had rolled off the edge of the bed, falling some two-and-one-half feet onto a carpeted floor. The physicians who examined and treated the infant became suspicious, concluding the critical head injuries could not have resulted from the accident described.
Upon discovery of the child's fractured femur, which the doctors concluded was present at the time the head injury occurred, the child's mother told them she had fallen in the street, with Kendra in her arms, about eight days previously. She stated she had not noticed anything wrong with the baby after. The doctors found this to be inconsistent with the extent of the baby's leg injury.
As a result, the physicians contacted the district attorney's office, which obtained an instanter order on February 10, 1979, providing shelter care for Kendra pending hearing on a neglect petition. Kendra was placed in the care of her maternal grandmother. On February 15, 1979 the child's parents filed a motion to dismiss the hold order and to have the statutes under which it was issued declared unconstitutional. The juvenile court judge denied the motion on March 8, 1979, and the Browns subsequently applied to this court for supervisory writs. Writs were granted, and the juvenile court was directed to dismiss the hold order on the ground it had expired. State in Interest of Brown, 372 So.2d 1246 (La. App. 4th Cir. 1979).
Meanwhile the state had filed a petition to have Kendra declared a child in need of care. She was being maintained in her grandmother's custody by issuance of another hold order on July 26,1979. No writs were ever applied for from this order.
After several continuances, trial on the merits of the neglect petition took place on November 7, 1979. The court adjudicated Kendra Brown to be a child in need of care, and the child was placed in custody of the Department of Health and Human Resources, Office of Human Development (although informally remaining under her grandmother's care). The child's mother has appealed this judgment.
In her brief on appeal, Mrs. Brown initially contended the original instanter order was unconstitutional, on the following grounds:
"(1) That appellant was denied due process of law when the Orleans Parish Family Court issued an instanter hold order authorizing the seizure of their minor child without a prior contradictory hearing.
(2) That appellant was denied due process of law when the Orleans Parish Family Court failed to hold a preliminary hearing within twenty-four hours of the child's summary seizure, to decide whether said hold order was necessary to protect the child from immediate risk of physical injury.
(3) That appellant was denied due process of law when the Orleans Parish Family Court failed to hold an adversary adjudicatory hearing within ten days of the summary seizure of her child.
(4) That appellant was denied due process of law in that said hold order was issued pursuant the authority of La.R.S. 14:403, La.R.S. 13:1569, and C.J.P. Art. 14(13), said statutes being unconstitutionally vague, ambiguous and as such overbroad."
In oral argument, however, appellant recognizes these issues have been settled by this court's recent opinion in State In the Interest of Alexander, 384 So.2d 1003 (La. App. 1980), upholding the constitutionality of the statutes involved. Consequently, appellant no longer urges the issues of constitutionality. We point out further that the question became moot by this court's June 13, 1979 judgment on appellant's writ application, which ordered the instanter order dismissed.
*1368 Other arguments asserted by the mother of the juvenile in this case are that the trial judge erred when he denied the motion to suppress confessions and/or inculpatory statements of Cynthia Brown; that the court erred further by its failure to appoint counsel to represent the child, Kendra Brown; and finally, that the state failed to produce sufficient evidence to show by "clear and convincing" evidence that the child is in need of care.
Because we conclude LSA-C.J.P. Art. 95 mandates entitlement of a child to counsel, we find it unnecessary to consider the two evidentiary questions raised by the mother of the juvenile in this appeal.
Code of Juvenile Procedure Art. 95 adopted by the legislature in Act 172 of 1978, effective January 21, 1979, provides:
"Art. 95. Right to counsel.
A. A child shall be entitled to counsel in the following proceedings:
(1) A hearing to determine continued custody;
(2) An appearance to answer a petition which requests that the child be adjudicated to be a delinquent;
(3) A transfer hearing pursuant to R.S. 13:1571.1 et seq.;
(4) An adjudication hearing if the petition requests that the child be adjudicated to be a delinquent;
(5) A disposition hearing if the child has been adjudicated to be a delinquent;
(6) A hearing on a motion to modify the judgment of disposition in delinquency proceedings if the motion is filed by the district attorney or probation officer, unless the motion requests that the disposition be less restrictive;
(7) An appeal if the child has been adjudicated to be a delinquent.
B. The child shall be entitled to counsel in any other proceeding.
C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents in accordance with R.S. 15:148. (Emphasis added.)
It is clear from a reading of this provision that a child shall be entitled to counsel in a hearing to determine continued custody or in any other proceeding. We recognize the practical problems encountered by the dedicated juvenile court judge, when confronted with the requirements of Art. 95. Nevertheless, the legislature, in clear language, has mandated the requirement for the appointment of counsel to represent the child. We appreciate also that in the mind of the juvenile court judge the appointment of an attorney to represent the child may be a vain and useless act where the interest of the state is represented by the district attorney and the parents' interest is represented by a court-appointed attorney or one selected by the parents. Still, the legislative mandate is clear. See In Interest of Genusa, 381 So.2d 504 (La.1980).
We find no merit to the state's contention that LSA-R.S. 14:403 G(9)[1] makes the appointment of an attorney for the child unnecessary because the district attorney represents the interest of the state, "which interest shall be the protection of the child."
In juvenile proceedings, the responsibility of the state is the protection of the child. The responsibility of the court is to adjudicate in and for the interest and welfare of the child. The worker assigned to the case is interested in the child's welfare, and the attorney representing the parents also represents the interest and welfare of his *1369 client. Although the juvenile court judge and the court officers have a specific responsibility for the protection of the child, each in his or her own way of thinking may sincerely believe that this interest may be best served by different dispositions and different custody placements for the child. At any rate, while perhaps in some instances it is difficult to carry out, the juvenile court judge is mandated by the code to provide counsel as set forth in Code of Juvenile Procedure Art. 95.
Because counsel was not appointed for the child in the instant case, the judgment of the juvenile court is reversed and set aside. The matter is remanded for further proceedings consistent herewith. Pending further proceedings in the juvenile court the July 26, 1979 order placing custody of the child, Kendra Brown, with the maternal grandmother will not be disturbed but will remain in effect.
REVERSED AND REMANDED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In the application for rehearing, the State complains that this court erred in considering the failure of the trial judge to appoint an attorney to represent the child when this issue was not raised in the trial court. We find no merit to this contention.
Although this issue was not addressed below, consideration by this court is not proscribed where the interest of justice clearly requires consideration on review. See LSA-C.C.P. art. 2164, and Uniform Rules, Court of Appeal IX-A in its entirety.
APPLICATION DENIED.
NOTES
[1] LSA-R.S. 14:403 G(9), in pertinent part, reads:

". . . . The district attorney shall represent the interest of the state, which interest shall be the protection of the child. The court may also appoint an attorney to represent the sole interest of the child."