423 So.2d 1210 (1982)
In the Interest of David LAMM.
Nos. 13165, 13166.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Rehearing Denied January 14, 1983.
J. Samuel Shambra, New Orleans, for plaintiff-appellee.
William C. Cox, Staff Atty., State of La., Dept. of Health and Human Resources, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
GARRISON, Judge.

NO. 13165
This is an appeal by the State of Louisiana, Department of Health and Human Resources from a judgment of the juvenile court granting to an attorney an award of $700.00 in attorney's fees for services rendered by him as court appointed counsel to represent the rights of the child in an abandonment proceeding.[1] From that judgment, which we affirm, defendant appeals.
On appeal the State argues that:
1. The statutes only provide for the appointment of one attorney, i.e. for the parents;
2. To require the State to pay the bill constitutes an expenditure of State funds without legislative appropriation;
3. That the judgment constitutes an improper money judgment against the State; and
4. That there is improper venue.

ISSUE I
The child is absolutely allowed court appointed counsel. The Louisiana Code of Juvenile Procedure Art. 95 provides as follows:

*1211 "A. A child shall be entitled to counsel in the following proceedings:

"(1) A hearing to determine continued custody;
"(2) An apperance to answer a petition which requests that the child be adjudicated to be a delinquent;
"(3) A transfer hearing pursuant to R.S. 13:1571.1 et seq.;
"(4) An adjudication hearing if the petition requests that the child be adjudicated to be a delinquent;
"(5) A disposition hearing if the child has been adjudicated to be a delinquent;
"(6) A hearing on a motion to modify the judgment of disposition in delinquency proceedings if the motion is filed by the district attorney or probation officer, unless the motion requests that the disposition be less restrictive;
"(7) An appeal if the child has been adjudicated to be a delinquent.
"B. The child shall be entitled to counsel in any other proceeding.

"C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
"D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents in accordance with R.S. 15:148." (emphasis added)
In State in Interest of Brown, 387 So.2d 1366 (La.App. 4th Cir.1980), this court[2] stated as follows:
"It is clear from a reading of this provision that a child shall be entitled to counsel in a hearing to determine continued custody or in any other proceeding. We recognize the practical problems encountered by the dedicated juvenile court judge, when confronted with the requirements of Art. 95. Nevertheless, the legislature, in clear language, has mandated the requirement for the appointment of counsel to represent the child. We appreciate also that in the mind of the juvenile court judge the appointment of an attorney to represent the child may be a vain and useless act where the interest of the state is represented by the district attorney and the parents' interest is represented by a court-appointed attorney or one selected by the parents. Still, the legislative mandate is clear. See In Interest of Genusa, 381 So.2d 504 (La.1980).
"We find no merit to the state's contention that LSA-R.S. 14:403 G(9) 1 makes the appointment of an attorney for the child unnecessary because the district attorney represents the interest of the state, `which interest shall be the protection of the child.'
"In juvenile proceedings, the responsibility of the state is the protection of the child. The responsibility of the court is to adjudicate in and for the interest and welfare of the child. The worker assigned to the case is interested in the child's welfare, and the attorney representing the parents also represents the interest and welfare of his client. Although the juvenile court judge and the court officers have a specific responsibility for the protection of the child, each in his or her own way of thinking may sincerely believe that this interest may be best served by different dispositions and different custody placements for the child. At any rate, while perhaps in some instances it is difficult to carry out, the juvenile court judge is mandated by the code to provide counsel as set forth in Code of Juvenile Procedure Art. 95.
"...
1 LSA-R.S. 14:403 G(9), in pertinent part reads:
`... The district attorney shall represent the interest of the state, which interest shall be the protection of the child. The court may also appoint an attorney to represent the sole interest of the child.'" (pp. 1368-69)

ISSUES II AND III
In State v. Campbell, 324 So.2d 395 (La. 1976), the Louisiana Supreme Court stated:

*1212 "Nor do we decide that in an appropriate proceeding, under appropriate circumstances, the district court would lack the power to require a particular subdivision, or the State itself, to provide for payment of necessary expenses, including counsel fees, for indigent defendants." (at 398)
See also: State v. Doucet, 352 So.2d 222 (La.1977); State v. Henderson, 341 So.2d 879 (La.1977); Knickerbocker v. Vermilion Parish Police, 371 So.2d 1298 (La.App. 3rd Cir.1979).
In the instant appeal the trial judge has concluded that a proper case exists. We agree.
The debt of a child is the parents' debt because of the child's incapacity to contract and because of the tutorship of the parent of a minor child. A child cannot waive his right to counsel in the absence of parental consent. C.J.P. Art. 96. Because Lamm's parents are physically absent they could not have consented to or concurred in a waiver of his right to counsel. If the parents are indigent, then a fortiorari the child must be presumed to be indigent, absent an affirmative showing to the contrary, because the parents are responsible for the child's debts.

ISSUE IV
Turning to the issue of venue, it is improperly before this court as it cannot be raised for the first time on appeal.
For the reasons discussed the judgment below is affirmed.
AFFIRMED.

NO. 13166
For the reasons assigned in No. 13165 the judgment is affirmed.
AFFIRMED.

NOS. 13165, 13166
SCHOTT, Judge, concurring:
This being a proceeding to have a child declared abandoned under LSA-R.S. 9:403, it is difficult to understand why it was necessary to appoint an attorney for the childexcept for a literal interpretation of LSA-C.J.P. Art. 95 B and this court's decision in State In Interest of Brown, 387 So.2d 1366 (La.App. 4th Cir.1980). The abandonment statute is designed to protect the child who has been deserted by his parents and provide a mechanism for the court to make a disposition of such a child according to his best interest. The agency or officer of the court who initiates the proceedings has no interest adverse to the child such as to make appropriate the appointment of an attorney for the child. For this reason I do not believe that the legislature intended C.J.P. Art. 95 B to apply to this type of proceedings.
Perhaps State In Interest of Brown, supra, can be distinguished on the basis that it was concerned with a proceeding to have the child declared to be in need of care pursuant to C.J.P. Arts. 25(3) and 85 and not an abandonment proceeding such as this. Perhaps a literal application of C.J.P. Art. 95 B was unavoidable in Brown since that article and those being implemented in the case all come from the same Code of Juvenile Procedure. In contrast R.S. 9:403 is a special act which, in its application, need not be subject to the general provisions of the Code. On the other hand, if Brown cannot be distinguished, I would overrule it and save what seems to be an unnecessary duplication of attorneys representing the same identical side of a law suit.
Nonetheless since the trial judge was bound to follow Brown he quite properly appointed an attorney for the child. The attorney performed services for which he should be compensated so that I would not retroactively overrule Brown and deprive the appointed attorney of compensation.
I am troubled by the result of affirming what is tantamount to a money judgment against the state with no statutory authority to support such a result but find the following from State v. Carruth, 324 So.2d 400 (La.1975) to be supportive:
"However, we are cited to no authority permitting a summary proceeding against the state in a criminal case resulting in a judgment against the state. Were there *1213 no statutory device for compensating appointed lawyers, extraordinary judicial measures in aid of the jurisdiction of the court might be required. There is, however, statutory material governing the appointment and compensation of attorneys appointed to represent indigent defendants. R.S. 15:141. See State v. Bryant, et al, La. 324 So.2d 389, decided this date." (Emphasis mine)
Assuming that Brown cannot be overruled and that a literal interpretation of C.J.P. Art. 95 B is required, the trial court was mandated to appoint an attorney for the child by the legislature which failed to provide a statutory device for compensating him and thereby authorized "extraordinary judicial measures" in the form of a money judgment against the state for the fee of the attorney.
NOTES
[1] After a complete search, it was concluded that Master David Lamm has been abandoned by both his parents.
[2] Panel composed of Judges Gulotta, Garrison and Chehardy.