450 So.2d 977 (1984)
STATE of Louisiana In the Interest of the Minor Children, Sharon DILLARD, Karen Dillard and Cerissa Dillard.
No. 83-CA-710.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*978 Richard J. Brazan, Jr., Baton Rouge, for plaintiff-appellant.
Ann Keller, Gretna, for defendant-appellee Melvin Brown.
Samuel Stephens, Gretna, for defendant-appellee Florita Dillard.
Before BOUTALL, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
This suspensive appeal was brought by the Department of Health and Human Resources (DHHR) from the trial judge's appointment of attorneys to represent the parents and the minor children in an abandonment action and directing that the cost of the attorneys be borne by the DHHR.
The proceedings commenced when, pursuant to the provisions of LSA-R.S. 9:403, the State, through the attorney for the DHHR filed an affidavit setting forth the facts constituting the abandonment of Sharon, Karen and Cerissa Dillard, the born out-of-wedlock children of Florita Dillard and Melvin Brown.
When service was not obtained in ten days, the court appointed Samuel Stephens, Esquire, as the curator ad hoc and legal representative of the mother, Florita Dillard, and Arthur Kingsmill, Esquire, as the curator ad hoc and legal representative for the father, Melvin Brown, all in accordance with the provisions of LSA-R.S. 9:403.
Attorney Kingsmill located the father in New Orleans and motioned the court for his discharge as the curator. The court permitted his discharge and fixed his fee as curator at $150.00 plus costs of $28.56. Attorney Stephens located the mother who was incarcerated in Alderson, West Virginia.
Following a hearing, by judgment dated March 17, 1983, the court appointed Ann Keller, Esquire, as attorney for the father and Samuel Stephens, Esquire, as attorney for the mother and ordered the DHHR to bear all costs of the attorneys representing the indigent parents and stated his basis for doing so was Code of Juvenile Procedure Article 95 B; State in the Interest of Lamm, 423 So.2d 1210 (La.App. 4th Cir. 1982), and State in the Interest of Boudreaux, 427 So.2d 891 (La.App. 1st Cir. 1983). The trial judge then rescheduled the abandonment hearing for May 26, 1983. Thereafter, the DHHR filed for and was granted a suspensive appeal from the judgment dated March 17, 1983.
Subsequently, on the rescheduled hearing date, i.e., May 26, 1983, the trial judge issued an amended judgment in which it directed the following:
(1) Ordered the discharge of Arthur Kingsmill, Esquire, as curator; fixed his fee at $150.00 plus costs, and ordered the payment of same by the DHHR citing Code of Juvenile Procedure article 95B and State in the Interest of Lamm, 423 So.2d 1210 ([La.App.] 4th Cir.1982) as authority for same;
(2) Ordered the discharge of Samuel Stephens, Esquire, as curator, and awarded him a fee of $150.00 plus costs;

*979 (3) Appointed Ann Keller, Esquire, to represent the indigent father, Melvin Brown;
(4) Appointed Samuel Stephens, Esquire, to represent the indigent mother, Florita Dillard;
(5) Appointed Wiley Beevers, Esquire, to represent the minor children; ordered the DHHR to bear all costs of the attorney and cited article 95B and State in the Interest of Lamm, supra, as a mandatory requirement for the order.
The DHHR filed for and was granted a suspensive appeal from the May 26, 1983 amended judgment.
Although the suspensive appeal, applied for and granted, was as to the entirety of the judgments dated March 17, 1983 and May 26, 1983, in his brief counsel for the DHHR limits his arguments to the authority of the Juvenile Court to appoint an attorney to represent the minor children and its authority to impose the cost of same on the DHHR where the attorney appointed is an Indigent Defendant Board attorney. We consider only the issues which were briefed.
With respect to the first question raised in the DHHR's brief, the Fourth Circuit Court of Appeal, in State in the Interest of Brown, 387 So.2d 1366 (La.App. 4th Cir. 1980), writ denied 394 So.2d 615 (La.1980), in a proceeding involving a change of custody and children in need of care,[1] concluded that under the provisions of LSA-C. J.P. Article 95, the Juvenile Court was mandatorily required to appoint a special attorney to represent the interest of the child in any proceeding. However, in State in the Interest of Dronet, 417 So.2d 1356 (La.App. 3rd Cir.1982) the Third Circuit (one judge dissenting), in a child in need of care proceeding, after acknowledging the existence of the Brown case, supra, concluded the Juvenile Court was not mandatorily required to appoint a special attorney to represent the minor child.
As we perceive the issues involved, their resolution depends upon the particular statutory provisions or the constitutional mandate under which the trial judge makes the appointment. The statute, LSA-R.S. 9:403, under which the abandonment proceeding was initiated neither provides for nor prohibits the appointment of a special counsel for the children. Therefore, the court's authority to appoint an attorney to represent the minor children must be derived from some other source. The trial judge concluded the authority was mandated by LSA-C.J.P. Article 95, which reads as follows:
"A. A child shall be entitled to counsel in the following proceedings:
(1) A hearing to determine continued custody;
(2) An appearance to answer a petition which requests that the child be adjudicated to be a delinquent;
(3) A transfer hearing pursuant to R.S. 13:1571.1 et seq.;
(4) An adjudication hearing if the petition requests that the child be adjudicated to be a delinquent;
(5) A deposition hearing if the child has been adjudicated to be a delinquent;
(6) A hearing on a motion to modity the judgment of disposition in delinquency proceedings if the motion is filed by the district attorney or probation officer, unless the motion requests that the disposition be less restrictive;
(7) An appeal if the child has been adjudicated to be a delinquent.
B. The child shall be entitled to counsel in any other proceeding.
C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents *980 in accordance with R.S. 15:148."
In our view, to interpret Part B of Article 95 as mandatorily requiring the Juvenile Court to appoint a special attorney in all proceedings in which the minor is involved, as was done by the Fourth Circuit, renders Part A of Article 95 meaningless. We believe adherence to rules of statutory construction requires reading the entirety of the article in para materia with other statutory and constitutional provisions in order to give meaning to each section of the article.
All of the sub-parts (2) thru (7) of Part A of Article 95 refer to the proceedings involving the delinquency of the minor. Sub-part 1 of Part A of Article 95 has reference to the continued custody proceeding provided for by LSA-C.J.P. Articles 38 thru 41. The grounds for such a proceeding enumerated in Article 40 all involve the delinquency of the minor and/or his abuse or neglect by the parent.
The same charges as those referred to in Part A of Article 95 brought against an adult would result in a criminal proceeding and possible imprisonment upon conviction. As to the minor, proof of the delinquency can result in commitment to a home for delinquent children. Thus, although brought by a different procedure and in a different court, the proceedings contemplated by Part A of Article 95 are for the purpose of determining whether an offense punishable by confinement was committed by the minor.
The State, by LSA Constitution Article 1, Section 13, is mandated to furnish court appointed counsel to an indigent person "charged with an offense punishable by imprisonment". Additionally, the provision mandates the legislature to "provide for a uniform system of securing and compensating qualified counsel for indigents". In compliance with the mandate to provide a uniform system of securing and compensating qualified counsel for indigents, the legislature enacted LSA-R.S. 15:141 thru 149. Sections 141, 142 and 143, which provided for a State Indigent Defendant Board, were repealed by Act No. 873 of the 1981 Legislative Session. Sections 144 thru 149, providing for the creation, powers and funding of Judicial District Indigent Defendant Boards, are still in effect.
A minor is entitled to at least all of the rights of an adult. Hence, the mandate of LSA Constitution Article 1, Section 13, applies to minors as well as to adults. Since all of the proceedings enumerated in Part A of Article 95 are proceedings where the State is constitutionally mandated to furnish an attorney for an indigent defendant, the Court is mandatorily required to make the appointment in those proceedings. Conversely, since the constitutional mandate is applicable only to proceedings enumerated in Part A, the appointment of an attorney in other proceedings is mandatory only where there is some special statutory provision other than Article 95 mandating the appointment.
Under Part C of Article 95, where "the parents are financially unable to afford counsel, the Court shall appoint the counsel in accordance with LSA-R.S. 15:141, et seq." Also, under Part D of Article 95, where the parents are financially able to employ counsel but fail to do so, "the Court may appoint counsel to represent the child at the expense of the parents in accordance with LSA-R.S. 15:148." Thus, whether the minor's entitlement to an attorney is by virtue of Part A or Part B of Article 95, the manner in which the attorney is to be procured and paid is directed by Part C or Part D of the article, depending upon the financial ability of the parents.
Here, the order appointing the attorney to represent the minors specifically stated the appointment was made pursuant to Part B of Article 95 and cites State in the Interest of Lamm, 423 So.2d 1210 (La.App. 4th Cir.1982) as authority for assessing the cost thereof to the DHHR.
The Lamb case is distinguishable from the circumstance involved here. In the Lamm case, the attorney appointed to represent the minor had already rendered the *981 services and it was necessary that he be compensated. It is unknown whether he was an Indigent Defendant Board Attorney. Since the initiator of the proceeding was the DHHR and the parents were absentees, it was fair and just to assess the cost to the DHHR. Here, however, the parents are indigent, the services have not as yet been rendered and the court specifically stated the appointment was made pursuant to Article 95 B.
Although not reflected by the record, the attorney for the DHHR points out that the attorney appointed here is employed by the Indigent Defendant Board and compensated by the Board pursuant to the provisions of LSA-R.S. 15:144, et seq. Thus, although the court acted within its authority in appointing an Indigent Defendant Board attorney to represent the minors, it erred in assessing the cost thereof to the DHHR.
Accordingly, insofar as the judgment appealed from directs the DHHR to pay the fees of the attorney to represent the minor, it is reversed, and in all other respects it is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Within the meaning of LSA-C.J.P. Article 13(14).