465 So.2d 134 (1985)
STATE of Louisiana In the Interest of Keioka Kayshan JOHNSON.
No. CJ 84 0952.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Writ Granted April 19, 1985.
*135 Charles Daspit, Frank Perez and Richard J. Brazan, Jr., Baton Rouge, for plaintiff-appellant State of Louisiana, Dept. of Health and Human Resources.
William Grimley, Baton Rouge, for adoptive parents Laura Louise Prater Earls and Johnny Lee Earls.
Mark Holden, Mazie Doomes, and Bernard Hardy, Baton Rouge, for Annie Bell Johnson & Warren Champ.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
The Department of Health and Human Resources (DHHR) appeals the judgment of the family court which dismissed the affidavit of abandonment filed by DHHR on behalf of the minor child, Keioka Kayshan Johnson; revoked DHHR custody of the minor child; dismissed the attorneys, and awarded legal fees to the attorneys appointed to represent the minor child and the parents respectively.

ACTIONS OF THE FAMILY COURT
An affidavit of abandonment was filed by DHHR on September 20, 1983, on behalf of the minor child Keioka Kayshan Johnson, pursuant to La.R.S. 9:403 et seq., to declare the child abandoned and thus eligible for adoption. The affidavit listed the mother, Annie Bell Johnson's last known address as 925 Flood Street, New Orleans, Louisiana. The father, Warren Champ's last known address was listed as 2526 Cadiz, New Orleans, Louisiana. If service on either parent could not be made as prescribed by law, DHHR requested that a curator ad hoc be appointed to represent the absentee parent. Personal service was made on both parents.
On December 1, 1983, at a pre-adjudicatory hearing, the court appointed Edselle Cunningham from the Public Defender's Office to represent the minor child. The natural parents were present. They were informed of their rights, including the right to court appointed counsel.[1] Capital Area Legal Services was then appointed to represent both parents.
The case was set for adjudication on January 18, 1984. On that date the court appointed the Legal Aid Society to represent Annie Bell Johnson, and Cheryl Davidson, attorney, to represent Warren Champ. DHHR was then ordered to pay the $750.00 attorney fee for Ms. Davidson. The abandonment hearing was postponed to March 7, 1984.
At the abandonment proceeding of March 7, 1984 were: Richard Brazon, attorney for DHHR; Annie Bell Johnson and Bernard Hardy of Capital Area Legal Services, appointed as attorney for Ms. Johnson; Warren Champ and Cheryl Davidson, attorney appointed for Mr. Champ; Edselle Cunningham, Public Defender's Office, attorney for the minor child; and William Grimley, an attorney for the prospective adoptive parents. After the hearing, judgment was rendered by the court ordering *136 that the petition of abandonment be dismissed. The temporary custody award of the child to DHHR was revoked. Edselle Cunningham, Public Defender's Office, court appointed attorney for the child was awarded attorneys fees of $750.00. Cheryl Davidson, court appointed attorney for the father was awarded attorneys fees of $750.00. Bernard Hardy, court appointed attorney for the mother was awarded attorneys fees of $750.00.[2] DHHR was ordered to pay the attorneys fees within 90 days of final judgment. It is from the award of attorneys fees to Cunningham and Hardy,[3] that DHHR appeals, setting forth two assignments of error:
1. The trial judge erred in ordering DHHR to pay the attorneys fee for the court appointed attorney of the minor child.
2. The trial judge erred in ordering DHHR to pay the attorneys fee for the court appointed attorney for the natural mother.

ASSIGNMENTS OF ERROR
Appellant contends that the court has no authority to order that DHHR pay the attorneys fee of court appointed counsel for the minor child in an abandonment proceeding under La.R.S. 9:403.
La.R.S. 9:403 provides in part:
A. A child shall be considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove either:
(1)(a) the child has been deserted for a period of at least four months by his parent or parents, the whereabouts of his parent or parents are unknown, the parent or parents have made no provision for the child's care and support and have shown an intention to avoid parental responsibility; or
(b) the parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility.
An abandonment decree terminates all parental rights except for certain property rights with respect to the parent(s) against whom the decree has been rendered. La. R.S. 9:404. The child is thus freed for adoption. No special provision is made in the statute for the appointment of counsel to represent the minor child. La.R.S. 9:403(B) provides for the appointment of a curator ad hoc to represent absentee parents. It is silent with respect to a curator ad hoc being appointed to represent the minor child or indigent parents who are not absentees. The preliminary question is thus the duty and authority of the court to appoint counsel in a La.R.S. 9:403 proceeding, and the method of payment.
Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other. What is clear in one statute may be used to explain what is doubtful in another. La.C.C. art. 17. The universal and most effectual way of discovering the true meaning of the law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the legislature to enact it. La.C.C. art. 18. However, when the wording of a law is clear and unambiguous, its letter shall not be disregarded under the pretext of pursuing its spirit. La.R.S. 1:4.
La.R.S. 9:403 is silent on the appointment of counsel to represent the sole interests of the minor child. A La.R.S. 9:403 et seq. abandonment proceeding, however, is a juvenile proceeding. Consequently, La.R.S. 9:403 should be read in conjunction with the Code of Juvenile Procedure. C.J.P. art. 95 specifies when a minor child is entitled to counsel in juvenile proceedings. It provides:
Art. 95. Right to counsel:

*137 A. A child shall be entitled to counsel in the following proceedings:
(1) A hearing to determine continued custody;
(2) An appearance to answer a petition which requests that the child be adjudicated to be a delinquent;
(3) A transfer hearing pursuant to R.S. 13:1571.1 et seq.;
(4) An adjudication hearing if the petition requests that the child be adjudicated to be a delinquent;
(5) A disposition hearing if the child has been adjudicated to be a delinquent;
(6) A hearing on a motion to modify the judgment of disposition in delinquency proceedings if the motion is filed by the district attorney or probation officer, unless the motion requests that the disposition be less restrictive;
(7) An appeal if the child has been adjudicated to be a delinquent.
B. The child shall be entitled to counsel in any other proceeding.
C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents in accordance with R.S. 15:148.
The Fourth Circuit Court of Appeal held that a right to counsel of a minor child in an abandonment proceeding (La.R.S. 9:403) arises under C.J.P. art. 95. In the Interest of Lamm, 423 So.2d 1210 (La.App. 4th Cir. 1982), writ denied, 432 So.2d 265 (La.1983), 433 So.2d 1049 (La.1983). The Fourth Circuit also affirmed the order of the juvenile court ordering DHHR to pay the attorneys fees of the court appointed attorney for the minor child. The court based its decision on a statement of the Louisiana Supreme Court in State v. Campbell, 324 So.2d 395, 398 (La.1975):
Nor do we decide that in an appropriate proceeding, under appropriate circumstances, the district court would lack the power to require a particular subdivision, or the State itself, to provide for payment of necessary expenses, including counsel fees, for the trial of indigent defendants. This case can be decided before that point is reached.
The court concluded that the juvenile judge had determined that such a case existed and his decision was affirmed.
In State In the Interest of Dillard, 450 So.2d 977 (La.App. 5th Cir.1984) the Fifth Circuit Court of Appeal distinguished Lamm, supra, and held that where the juvenile court appointed counsel for a minor child in an abandonment proceeding (La.R.S. 9:403) under authority of C.J.P. art. 95(B), and the parents were indigents not absentees, the payment of attorneys fees are governed by C.J.P. arts. 95(C) and (D) which provide for payment by the judicial district indigent defender board, not by DHHR.
We hold that a minor child is entitled to appointed counsel to represent his own special interests in an abandonment proceeding (La.R.S. 9:403) under C.J.P. art. 95(B) ("any other proceeding").[4]See State In the Interest of Brown, 387 So.2d 1366 (La.App. 4th Cir.1980), writ denied, 394 So.2d 615 (La.1980). Since the right to counsel for a juvenile in a juvenile proceeding derives from C.J.P. art. 95, it follows that the payment of counsel should be governed by the same provision. C.J.P. art. 95(C) provides that where the parents of the child are financially unable to afford counsel for the child the court shall appoint counsel according to La.R.S. 15:141 et seq. which provides for judicial district indigent defender boards. Consequently, we reverse that portion of the trial court judgment which orders that DHHR pay the attorneys fees of appointed counsel for the minor child, and order that the fee be paid according to the provisions of C.J.P. art. 95(C) and (D).

*138 COURT APPOINTED ATTORNEYS FEES FOR PARENTS
Appellant contends that the trial court had no authority to order that DHHR pay the attorneys fees of the court appointed attorneys of the indigent parents in an abandonment proceeding under La.R.S. 9:403, et seq. It is also briefed but not specifically assigned as error that the trial court had no authority to appoint counsel for the parents in the abandonment proceeding.
The rights at issue in an abandonment proceeding are the rights of a parent to the upbringing and nurturing of their child. The right to marry, establish a home and raise children has been held by the United States Supreme Court to be protected by the Due Process Clause of the 14th Amendment of the United States Constitution. Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). In Pierce v. Society of the Sisters of the Holy Names of Jesus and Mary, 268 U.S. 510, 535, 45 S.Ct. 571, 573, 69 L.Ed. 1070 (1925) the United States Supreme Court stated: "The child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." Parents are constitutionally entitled to a hearing on their fitness before being deprived of the custody of their children. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The decision as to whether due process calls for appointment of counsel in proceedings to terminate a parent's rights lies with the trial court, subject to appellate review. Lassiter v. Department of Social Services of Durham County, North Carolina, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), reh. denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023, (1981).
It has been held that due process requires the appointment of counsel to represent indigent parents in proceedings where the state seeks to remove custody of the child from its parents for an indefinite or prolonged period of time without a knowing and intelligent waiver of that right. State In the Interest of Howard, 382 So.2d 194 (La.App. 2d Cir.1980). The state in an R.S. 9:403, et seq. abandonment proceeding seeks to terminate parental rights. In light of the constitutional due process requirements as articulated by the United States Supreme Court in Lassiter, supra, Stanley, supra, Pierce, supra, and Meyer, supra and in agreement with the Second Circuit Court of Appeal in Howard, supra, we hold that constitutional due process mandates the appointment of counsel to represent indigent parents in a proceeding where the state seeks to terminate parental rights to a minor child in an abandonment proceeding (La.R.S. 9:403).
Since indigent parents have a right to appointment of counsel in a La.R.S. 9:403 proceeding, we must determine the method of appointment of counsel and the means of payment. C.J.P. art. 95 has no appointment provision for parents and consequently furnishes no solution.[5] However, there is statutory authority for termination of parental rights for abuse and neglect as opposed to abandonment found in La.R.S. 13:1601 et seq.[6] This statute also provides the method of payment of counsel for indigent parents.[7] The effect of a termination *139 of parental rights is that all parental rights and duties are permanently eliminated with respect to the parent against whom the decree is rendered. Its purpose is to free the child for adoption. The result is similar to that of abandonment proceedings under La.R.S. 9:403 et seq. La.R.S. 13:1602(C) specifically provides for the appointment of counsel for the minor child and for his parents in accordance with the curator ad hoc provisions of La.C.C.P. art. 5091 et seq. La.C.C.P. art. 5096[8] requires that the attorney appointed to represent a defendant be paid a reasonable fee by the plaintiff. The plaintiff in a La.R.S. 9:403 abandonment proceeding is DHHR.
Since the effect of the termination and abandonment statutes are similar (both terminating parental rights and duties but for different reasons) we hold they should be read together, thus applying the attorney compensation provision of La. R.S. 13:1602(C), and La.C.C.P. 5096 to the attorneys fees in an abandonment proceeding under La.R.S. 9:403, et seq. We recognize that in so doing our decision conflicts with our brethren of the Third Circuit in the case of State In the Interest of a Minor, 446 So.2d 1385 (La.App. 3rd Cir. 1984). The Third Circuit there determined that La.R.S. 13:1601 et seq. is silent as to the payment of attorneys fees in a termination of parental rights and applied C.J.P. art. 95 holding that the attorneys fees in a La.R.S. 13:1601 et seq. action are payable through the judicial district indigent defender board.[9] This court, however, has already upheld and indeed increased attorneys fees for court appointed attorneys representing the minor child and his parents in a termination of parental rights proceeding assessing those fees against DHHR. State In the Interest of Boudreaux, 427 So.2d 891 (La.App. 1st Cir. 1983), writ denied, 432 So.2d 267 (La.1983).
Additional authority for the court to award attorneys fees for appointed counsel for parents in juvenile proceedings at the cost of DHHR is La. Const. art. V, § 2 which provides in part: "A judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court." The United States Supreme Court has declared that constitutional due process requires that the appointment of counsel for parents in a termination proceeding be determined at the trial court level. Since appointment of counsel is constitutionally mandated by the due process clause of the 14th amendment of the United States Constitution, the court, in aid of its jurisdiction, has the power to appoint counsel in a termination proceeding in order to comply with the constitutional mandate.
The Louisiana Supreme Court has alluded to this power of a trial court in criminal cases, the rationale being that right to counsel in criminal cases is mandated by the United States Constitution. A judge is bound to comply with this constitutional mandate, therefore, La. Const. art. V, § 2 grants him that power. Sledge v. McGlathery, 324 So.2d 354 (La.1975). Justice Dixon in State v. Carruth, 324 So.2d *140 400, 401 (La.1975) stated: "Were there no statutory device for compensating appointed lawyers, extraordinary judicial measures in aid of the jurisdiction of the court might be required." See also Campbell, 324 So.2d at 398. We hold that the trial court in aid of its jurisdiction under La. Const. art. V, § 2 in compliance with the due process clause of the 14th amendment of the United States Constitution as articulated in Lassiter, supra, has the authority to assess attorneys fees for appointed counsel for indigent parents in an abandonment proceeding (La.R.S. 9:403), to the State through DHHR. Boudreaux, 427 So.2d 891.
The judgment appealed is reversed in part and affirmed in part. Appellant is to pay all costs.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] The minute entry of December 1, 1983 refers to the natural parents as the "accused". It reads in part "After having informed the accused of their rights, including that of Court appointed counsel, the Court appointed Legal Aid Society to represent the parents."
[2] The minute entry of March 7, 1984 refers to Bernard Hardy of Capital Area Legal Services as the "Curator ad hoc".
[3] The award of attorney fees to Davidson for representing Champ is not questioned although the reasons asserted by DHHR for denying the other attorneys fees would also form the basis for denying attorney fees to Davidson.
[4] A termination of parental rights proceeding under La.R.S. 13:1602(C) provides for the appointment of counsel to represent the sole interest of the minor.
[5] C.J.P. arts. 95(C) and (D) refer to appointment of counsel for the child where the parents are indigent, or where they are not indigent and refuse to provide counsel for the child.
[6] La.R.S. 13:1602. Procedure for determination of the termination of parental rights

A. The court of proper jurisdiction upon the filing of the petition for termination of parental rights shall order a hearing and set the date thereof for the purpose of adjudicating whether the rights of the parent should be terminated. The hearing shall be conducted no sooner than thirty days nor later than sixty days after the signing of the order. Upon a showing of good cause, the court may, grant continuances of the trial provided the child's interests are not harmed as a result of the delay.
[7] La.R.S. 13:1602 ...

C. An attorney shall be appointed by the court to represent the sole interest of the child, and an attorney shall be appointed by the court to represent the parent or parents if the court determines that such parent or parents are indigent and unable to employ counsel solely for that reason, in accordance with the Louisiana Code of Civil Procedure, Articles 5091 through 5098.
[8] La.C.C.P. art. 5096 provides:

The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.
The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney.
If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.
[9] The Third Circuit stated "Title 13 is silent as to who shall pay the fees of the appointed attorney." State in Interest of a Minor, 446 So.2d at 1389. La.R.S. 13:1602 provides for appointment of an attorney for indigent parents in accordance with La.C.C.P. art. 5091 through 5098. La. C.C.P. 5096 provides "... the attorney at law appointed ... shall be paid by the plaintiff ..." Certainly this is not silent as to the method of payment. Additionally, the payment provisions of La.C.C.P. arts. 5091-5098 cannot be limited to absentee parents, when La.R.S. 13:1602 specifically provides those articles shall be applied to indigent parents.