ARMSTRONG, Judge.
Petitioner, Merlin Marechal, filed a petition for injunction seeking to enjoin the defendant, Louisiana State Racing Commission (“Commission”), from enforcing the Commission’s order suspending him for a period of three years and fining him $2,000.[1] The matter came for trial on April 9, 1983 but was submitted on the record and continued for submission of briefs. On June 27, 1985 judgment was entered in favor of petitioner and a preliminary injunction was issued enjoining the Commission from effecting the suspension of petitioner’s license to engage in his lawful occupation as an owner/trainer of thoroughbred horses. It is from this judgment that the Commission appeals. We reverse.
The record reflects that on November 10, 1983 members of the Racing Commission’s State Police Racing Investigations Unit conducted a warrantless administrative search of the petitioner’s barn at Jefferson Downs and found a suitcase containing articles prohibited by the Rules of Racing. It appears that although the suitcase was found at Jefferson Downs, it was not searched until the following day at state police headquarters. Neither the search of the barn nor the search of the suitcase was specifically authorized by either the Commission or the race track stewards.
A hearing on charges that petitioner had violated race track rules was held by the stewards on December 14, 1983. The petitioner was found to have violated the rules and was fined $200. Petitioner did not appeal this decision. The matter was then referred to the Commission who in turn suspended plaintiff for three years and fined him $2,000.
In his petition for injunction, petitioner argued that the warrantless searches of the barn and suitcase were unconstitutional and, therefore, that the Commission should not have considered the evidence seized in the searches. He further argued that because criminal charges had been brought against him for possession of the contraband found in the suitcase, he should not have been required to proceed on the hearing before the Commission as to do so penalized him for exercising his privilege against self-incrimination.[2]
On appeal the Commission urges two grounds for reversing the lower court’s decision. First, it argues that in failing to appeal the steward’s decision to the Racing Commission, Marechal accepted the finality of that decision. Second, the Commission argues that the instant case is governed by the decision in Pullin v. Louisiana State Racing Commission, 477 So.2d 683 (1985), on rehearing 484 So.2d 405 (1986). Because we find merit in the Commission’s second argument we will not consider its first argument.
In Pullin, the Louisiana State Police Racing Investigations Unit conducted a search of Vernon Pullin’s barn and found contraband. The search was conducted without a warrant and was not authorized by either the Commission or the steward representing the Commission. In upholding Pullin’s fine and suspension, the Supreme Court held that although the evidence had been obtained illegally, “the exclusionary rule does not apply in civil proceedings before the Louisiana State Racing Commission.”
In light of the Pullin decision, it is clear that the suitcase and its contents were admissible against Marechal in the *644 administrative hearing held before the Commission. Accordingly, the district court erred in enjoining the enforcement of Marechal’s fine and suspension.
For the foregoing reasons the judgment of the district court is reversed.

. Although styled as a "petition for injunction,” it is clear that Marechal was exercising his right to judicial review pursuant to LSA-R.S. 49:964.

. This issue will be deemed abandoned as it was neither briefed nor argued on appeal. State in Interest of Dillard, 450 So.2d 977 (La.App. 5th Cir.1984); Lusher v. Kilcrease, 384 So.2d 589 (La.App. 4th Cir.1980).