515 So.2d 582 (1987)
In the Interest of Frank and Francine VON ROSSUM.
No. 87 CJ 0305.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Writ Denied November 20, 1987.
*583 Janice L. Kazmier, New Orleans, Oliver F. Johnson, Covington, for state-appellant.
Ellen M. Evans, Office of Indigent Defender, Covington, for appellee.
Lindsay Larson, III, New Orleans, for amicus curiae on behalf of Mike & Julie Nick.
Before WATKINS, CARTER and CHIASSON[*], JJ.
WATKINS, Judge.
This case arises from a child in need of care proceeding begun in Slidell City Juvenile Court and transferred to the Twenty-Second Judicial District Court.
Frank and Francine Von Rossum are the minor children, ages 4 and 6 respectively, of Frank Von Rossum and Debra Keller Von Rossum.
The children have been in the legal custody of the Department of Health and Human Resources (DHHR) since June 29, 1984, following a voluntary surrender to the agency by their legal father.
The following summary of facts describes the events leading up to the voluntary surrender and the subsequent efforts of Debra Keller to regain custody of her children.

FACTS
Frank and Debra Von Rossum were divorced February 9, 1983, and were granted joint custody over their two minor children, Frank and Francine, by an Alaskan court. The court awarded custody to Debra until May 1983, and then to Frank for one year in order for Debra to establish herself. In May 1984, Frank attempted to bring the children to Debra in St. Petersburg, Florida, where she resided. Frank was unable to contact Debra and returned to Louisiana where he was stationed with the Coast Guard. A month later, on June 29, 1984, Frank Von Rossum voluntarily surrendered his children to the State of Louisiana. On July 3, 1984, a 72-hour hearing to determine continued custody was held and custody of Frank and Francine was granted to the State. The testimony at trial established that Debra Keller Von Rossum was contacted concerning her children and her husband's surrender of them. Ms. Keller stated that she would like to have the children back but she was unable to support or house them at that time.
On August 28, 1984, the court continued custody of the children with the state pending a report from DHHR in Florida. The children were not represented by independent counsel at either the July 3rd or August 28th proceedings.
A report was received from the Florida DHHR on December 14, 1984. The home study was positive, however, due to the previous difficulty the Von Rossums had with parenting in Alaska, the department wanted to do a follow-up of Debra as well as have her participate in a parenting class and undergo psychological and psychiatric evaluations. The department recommended not placing the children back with their mother at that time.
A motion was filed by Robert Lowe on December 18, 1984, to be appointed as the children's attorney. The court granted this motion. It should be noted that Robert Lowe was the private attorney for the Flicks, the would-be adoptive parents. Later in the proceedings, pursuant to a request and mandate of the 22nd Judicial District Court, Robert Lowe withdrew as counsel of record for the Von Rossum children. Clearly the representation of the children by the Flick's attorney was an inexcusable conflict of interest and was so noted by Judge Green in his decision.
*584 Judge Green stated that Mr. Lowe had a very bad conflict of interest and should not have been appointed to represent the children.
A hearing was held January 15, 1985, where the court adjudicated the children in need of care based on the report from the Florida DHHR. The Louisiana DHHR, on its own initiative, recommended that all communication between Debra and her children be suspended even though the Florida DHHR recommended that there be such communication. The court limited Ms. Keller's communication to letters which were to be screened by Ms. Williamson of the Louisiana DHHR.
On March 26, 1985, Mr. Lowe, attorney for the children Frank and Francine Von Rossum, motioned the court to suspend all communication from Debra Keller. A hearing was held to determine whether all communication from Ms. Keller should cease. On the recommendation of Dr. Fontenelle, a child psychiatrist, the court terminated Ms. Keller's right to communicate with her children until a final disposition was made concerning the children.
The matter was subsequently transferred to the 22nd Judicial District court on June 13, 1985.
Tom Foley was appointed as counsel for the children on August 28, 1985, and a review hearing was held on September 16, 1985. The court continued custody with the state based on a May 30, 1985 update from the Florida DHHR which disapproved placement with Ms. Keller mainly because she was living with a man to whom she was not married and the Florida DHHR viewed the situation as unstable.
On December 18, 1986, the district court vacated the adjudication of children in need of care due to defective proceedings in that counsel was not appointed timely to represent the minors. Additionally, the court noted that the City Court, after finding that the children were in need of care under article 87, did not make the necessary findings under paragraph "F" of article 87.
The State appealed the decision of the district court vacating the adjudication finding the children in need of care. We amend and affirm as amended the trial court's decision.
The appellant asserts the following errors in the trial court's decision:
(1) The court erred in not finding that the natural mother's attorney breached her ethical duty by making appearances on behalf of the children and the natural mother.
(2) The trial court erred in holding that the children are entitled to counsel in a proceeding to determine whether the children are in need of care.
(3) The state contends that the trial court violated the mandate of LSA-C.J.P. art. 77 in vacating the adjudication on its own motion after disposition.
(4) The state further asserts that the prescriptive period enunciated in art. 77 expired prior to filing the motion to vacate the adjudication.

Attorney Representing Children and Mother
The state contends that the court erred in allowing an attorney to continue to represent the interest of the parent when she previously had represented the interests of the minor children. We find no merit in this argument. While the record of the proceedings reflects that Ellen Evans, the mother's present attorney, represented the children, it was merely an error in the record. Ms. Evans was appointed by the indigent defender's office to represent the children at two proceedings, however, she never actually participated in such representation and therefore breached no ethical duty.

Failure to Appoint Counsel to Represent Children
The state maintains that the failure to appoint independent counsel for the children at the outset of these proceedings did not render them fatally defective since the district attorney was protecting the children's interests. The issue of whether a child is entitled to independent counsel at a proceeding to determine whether he is in need of care is addressed by C.J.P. art. 95:
*585 A. A child shall be entitled to counsel in the following proceedings:
(1) A hearing to determine continued custody;
(2) An appearance to answer a petition which requests that the child be adjudicated to be a delinquent;
(3) A transfer hearing pursuant to R.S. 13:1571.1 et seq.;
(4) An adjudication hearing if the petition requests that the child be adjudicated to be a delinquent;
(5) A disposition hearing if the child has been adjudicated to be a delinquent;
(6) A hearing on a motion to modify the judgment of disposition in delinquency proceedings if the motion is filed by the district attorney or probation officer, unless the motion requests that the disposition be less restrictive;
(7) An appeal if the child has been adjudicated to be a delinquent.
B. The child shall be entitled to counsel in any other proceeding.
C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents in accordance with R.S. 15:148.
The Louisiana appellate courts are split in their interpretation of article 95. The Fifth Circuit in State in Interest of Dillard, 450 So.2d 977 (La.App. 5th Cir.1984) and the Third Circuit in State in Interest of Dronet, 417 So.2d 1356 (La.App. 3d Cir. 1982) hold that in abandonment proceedings and in proceedings to determine whether a child is in need of care the child's interests are properly represented by the district attorney.
The opposite conclusion was reached in the Fourth and First circuits in the following cases; State in the Interest of Brown, 387 So.2d 1366 (La.App. 4th Cir.1980), writ denied, 394 So.2d 615 (La.1980); State in the Interest of Lamm, 423 So.2d 1210 (La. App. 4th Cir.1982), writ denied, 432 So.2d 265 (La.1983); State v. State in Interest of Moore, 474 So.2d 478 (La.App. 4th Cir. 1985), and State in Interest of Johnson, 465 So.2d 134 (La.App. 1st Cir.1985), writ granted, 467 So.2d 529 (1985), affirmed 475 So.2d 340 (1985).[1]
In Johnson we cited the Brown decision as authority for our interpretation of C.J.P. art. 95.
In the Brown analysis, which this circuit noted with favor in Johnson, we find the best analysis of the issues involved. The Brown case involved the adjudication of a child in need of care. The court concluded that the legislative mandate of art. 95 was clear, "that a child shall be entitled to counsel in a hearing to determine custody or in any other proceeding." Brown supra at 1368. The court rejected the State's argument that appointment of an attorney for the child was unnecessary because the district attorney under the provisions of LSA-R.S. 14:403 G(9) represents the interest of the state, "which interest shall be the protection of the child." Id. at 1368. The court reasoned that "although the juvenile court judge and the court officers have a specific responsibility for the protection of the child, each in his or her own way of thinking may sincerely believe that this interest may be best served by different dispositions and different custody placements for the child." Id. at 1369.
The court properly indicated that the mere fact that a court officer or a judge may have one's interest at heart does not satisfy the statutory requirement of counsel, which we note is a due process requirement. *586 The requirement of art. 95 of the Code of Juvenile Procedure is absolute; counsel must be appointed.
We find that the Von Rossum children were entitled to counsel based on the clear mandate of C.J.P. art. 95, and affirm the trial court's decision vacating the adjudication based on the lack of counsel for the children at the adjudication proceeding.

Article 77 of the Code of Juvenile Procedure
The state further contends that LSA-C.J.P. art. 77 requires that the child move to have an adjudication vacated, and, as in the present case the natural mother was the party who moved to vacate the adjudication of the children as children in need of care, the motion in the lower court filed by the mother to have the adjudication set aside is without codal support.
Article 77 of the Code of Juvenile Procedure reads as follows:
A. On motion of the child, an adjudication shall be vacated and a new adjudication hearing ordered if, after contradictory hearing, the court finds that:
(1) The adjudication was obtained by fraud or mistake sufficient to justify vacating the adjudication;
(2) The court making the adjudication lacked jurisdiction; or
(3) New evidence not previously discoverable by due diligence requires vacating the adjudication in the interest of justice.
A motion to vacate based upon Subparagraph (3) must be brought within one (1) year of the adjudication.
B. In the interest of justice, the court may vacate an adjudication prior to disposition.
We note that the children were never represented by counsel, the appointment of whom we have stated above was necessary for a valid adjudication. As counsel for the children were never appointed, the children had no legal representative who would bring the necessary proceeding contemplated by art. 77 of the Code of Juvenile Procedure to have the prior adjudication vacated. Furthermore, it is possible that the prior adjudication was succeeded by what the Code of Juvenile Procedure calls a "disposition". (See LSA-C.J.P. art. 87.) In the present case there were either successive adjudications or an adjudication followed by a disposition. Art. 91 of the Code of Juvenile Procedure provides that a parent may move to modify a disposition. Thus, under our analysis, the mother was properly proceeding under art. 91 in seeking to have the entire matter set aside.
As we have earlier noted, the right to be represented by counsel is specifically provided to a juvenile by C.J.P. art. 95. The right of a juvenile to be represented by counsel is also a fundamental due process requirement. Thus, a proceeding in which a child is found to be in need of care, supposedly for his own good, is invalid unless the child is represented by counsel. The invalidity of the entire proceeding in which a child is not represented by counsel is a matter which the lower court may notice on its own motion, as well as one which may be brought to the attention of the court by the parents.
As art. 77 of the Code of Juvenile Procedure contains a one year prescriptive period which applies to a parent only when a motion to set aside the adjudication is brought on the ground of newly discovered evidence, and as the present motion was brought on the ground of nullity, (hence, "fraud or mistake" in the language of art. 77), the prescriptive period is inapplicable to the present proceeding.
We therefore hold that the Von Rossum children were entitled to be represented by counsel at every stage of the juvenile proceeding which involved adverse parties, including the 72-hour hearing. As the children were not afforded the representation of counsel, the entire proceeding back through the 72-hour hearing was stricken with nullity, and of no legal efficacy. The original order of the trial court in placing custody of the Von Rossum children in the State through the foster parents, the Flicks, is to continue in effect, that order having been made ex parte.
*587 The judgment of the trial court is affirmed in all respects, including continuing custody of the minor children in the State through the foster parents, and also including setting aside all judgments back through the judgment rendered at the conclusion of the 72-hour hearing. The case is remanded to the trial court for further proceedings in accordance with the views expressed herein. All costs shall await a final disposition of the matter.
AFFIRMED AND REMANDED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.
[1] The first circuit in the Johnson case held that a minor child is entitled to appointed counsel to represent his or her own special interests in abandonment proceedings under C.J.P. art. 95.

The main issue in the Johnson case dealt with the allocation of responsibility for payment of attorney's fees in abandonment cases. However, in reaching the decision on whether the DHHR was responsible for the attorney's fees for the child's appointed attorney, the court interpreted C.J.P. art. 95.
The court concluded that C.J.P. art. 95(B), "any other proceeding", entitled a minor child to appointed counsel to represent his own special interests in abandonment proceedings.