NORRIS, Judge.
This is a civil action in which the State of Louisiana sought to remove the custody of two minor children, Mequila and Takeia James, from their mother, Lisa James. By petition the state alleged that on two occasions one year apart Ms. James brought one of her daughters to the hospital with physical injuries that were consistent with sexual abuse. The City Court of Bossier City, functioning as a juvenile court, signed an order immediately granting custody to the state. At a 72-hour hearing, Ms. James agreed to the state’s continuing custody. The adjudication hearing was conducted over three months later; the state presented its evidence and Ms. James testified, denying any knowledge of or involvement with the alleged incidents and outlining the changes she had made in her life as a result of the abuse. The court concluded that both children had been sexually abused and took the case under advisement. Several months later the court signed a judgment of disposition that adopted the state’s proposed plan of custody. From this judgment Ms. James appeals.
At no time during the proceedings were the children represented by counsel. In contrast, Ms. James herself was found to be indigent and received appointed counsel at the end of the first hearing, but she was never advised of the children’s right of counsel. Consequently Mequila and Takeia were never represented. This is in direct contravention of the Code of Juvenile Procedure, LSA-C.J.P. art. 95, and the Constitution of Louisiana, LSA-Const. art. 1 § 13 (1974). This deficiency amounts to a deprivation of due process, mandates a reversal and remand, and may be noticed by this court on its own motion when the interest of justice demands it. See State in Int. of Brown, 387 So.2d 1366 (La.App. 4th Cir.1980), writ denied 394 So.2d 615 (La.1980); see also State in Int. of von Rossum, 515 So.2d 582 (La.App. 1st Cir.1987), writ denied 515 So.2d 1100 (La.1987). We recognize an apparent split of authority among the circuits with the contrary conclusion being reached in State in Int. of Dillard, 450 So.2d 977 (La.App. 5th Cir.1984) and State in Int. of Dronet, 417 So.2d 1356 (La.App. 3d Cir.1982). We feel, with the first circuit, that the better rule is a literal interpretation of art. 95 in cases that arise under the Code of Juvenile Procedure. In Int. of von Rossum, supra, and authorities therein.
Furthermore, the absence of counsel for the minor children in this case resulted more likely than not in a disposition that was not “least restrictive.” LSA-C.J.P. art. 86.
We are finally constrained to observe that the procedure followed in the trial court deviated substantially from that prescribed by the Code of Juvenile Procedure. A partial list of these errors will be included in an unpublished appendix to this opinion; they were of sufficient frequency and magnitude to cast serious doubt on the court’s findings and disposition.
The judgment of disposition is reversed and the case remanded for a new adjudication hearing in accord with this opinion and the Code of Juvenile Procedure. In the interest of continuity, custody of the children will be retained by the state pending the outcome of that adjudication hearing. State in Int. of Brown, supra. Costs will not be assessed. LSA-R.S. 13:4521.
REVERSED AND REMANDED.